**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER BROWN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 7496 |
| | ) | |
| **SANOFI S.A.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

For many years, during the era when paper filings were de rigueur, so that a Judge's Copy was also delivered to the assigned judge's chambers in addition to the original filed in the Clerk's Office, this Court maintained a consistent practice of reviewing every filing within a day or two after delivery of that copy to its chambers.  When electronic filing became the norm in this District Court, the judges here discussed the matter at some length and settled on a "dealer's choice" rule (LR 5.2(f)), under which each judge could decide whether to opt for electronic filing alone or to continue the practice of requiring the delivery of a paper copy to chambers.

This Court elected the latter, and it adapted its website to make that clear.  And because the LR's timetable (calling for a next working day delivery) is obviously unrealistic as to newly-filed cases, because the plaintiff's lawyer cannot know in advance the identity of the judge to whom the computer-driven random assignment system will deliver a case, this Court has never treated a short-term failure to meet the LR 5.2(f) timetable as a violation calling for any action on its part.  Instead, when it learns of the filing of a new case it will wait for a week to ten days or so before bringing the matter to counsel's attention, together with the imposition of a modest fine for noncompliance with the LR.

But it remains the obligation of the lawyers in a case, and not of this Court, to spend time in policing the existence of new case filings and their compliance or noncompliance with LR 5.2(f). In this instance this Court had no knowledge at all of the existence of this case for fully a month after its July 22, 2016 filing, when on August 22 or 23 it received a document captioned "Stipulated Motion To Extend Current Case Deadlines and Reset the Status Hearing."[1] There is just no excuse for such neglect on the part of plaintiff's counsel.

This Court sees no problem with the requested extension in light of possible action by the MDL panel, so it has granted the motion [Dkt. No. 9]. But the extended LR violation is quite another thing -- hence plaintiff's counsel is ordered promptly to deliver a check to this Court's chambers, payable to the "Clerk of Court" in the sum of $200, as a fine for such noncompliance.

Milton I. Shadur
Senior United States District Judge

Date: August 30, 2016

---

[1] Incidentally, that reference to "reset[ting] the initial status hearing" is inaccurate -- as stated in the text, this Court was totally unaware of the case's existence, so that it could not follow its normal practice of setting an initial status hearing at the outset.

- 2 -